UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

KAREN L.,

                Plaintiff,

v.                                                                6:23-CV-0629
                                                                  (ML)
COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

_____

APPEARANCES:                                                      OF COUNSEL:

COLLINS & HASSELER, PLLC                                          LAWRENCE D. HASSELER, ESQ.
  Counsel for the Plaintiff
225 State Street
Carthage, New York 13619


SOCIAL SECURITY ADMINISTRATION                                    VERNON NORWOOD, ESQ.
  Counsel for the Defendant                                        Special Assistant U.S. Attorney
6401 Security Boulevard
Baltimore, Maryland 21235

MIROSLAV LOVRIC, United States Magistrate Judge

## <u>ORDER</u>

       Currently pending before the Court in this action, in which Plaintiff seeks judicial review

of an adverse administrative determination by the Commissioner of Social Security, pursuant to

42 U.S.C. § 405(g), are cross-motions for judgment on the pleadings.[1]  Oral argument was heard

---

[1]    This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c),
has been treated in accordance with the procedures set forth in General Order No. 18.  Under
that General Order once issue has been joined, an action such as this is considered procedurally,
as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the
Federal Rules of Civil Procedure.

in connection with those motions on August 22, 2024, during a telephone conference conducted on the record.  At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination was supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by Plaintiff in this appeal.

After due deliberation, and based upon the Court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is

**ORDERED** as follows:

1)      Plaintiff's motion for judgment on the pleadings (Dkt. Nos. 9 & 13) is DENIED.

2)      Defendant's motion for judgment on the pleadings (Dkt. No. 12) is GRANTED.

3)      The Commissioner's decision denying Plaintiff Social Security benefits is AFFIRMED.

4)      Plaintiff's Complaint (Dkt. No. 1) is DISMISSED.

5)      The Clerk of Court is respectfully directed to enter judgment, based upon this determination, DISMISSING Plaintiff's Complaint in its entirety and closing this case.

Dated: August 30, 2024
          Binghamton, New York

Miroslav Lovric
United States Magistrate Judge
Northern District of New York

2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------x
KAREN A. LAWRENCE,

                            Plaintiff,

vs.                         Civil Action No. 6:23cv629

COMMISSIONER OF SOCIAL SECURITY,

                            Defendant.
-------------------------------------------x


        Transcript of a Decision from a

Teleconference Hearing held on August 22, 2024, the

HONORABLE MIROSLAV LOVRIC, United States Magistrate

Judge, Presiding.



                    A P P E A R A N C E S


For Plaintiff:        COLLINS & HASSELER, PLLC
                      225 State Street
                      Carthage, New York 13619
                        BY:  LAWRENCE D. HASSELER, ESQ.


For Defendant:        SOCIAL SECURITY ADMINISTRATION
                      OFFICE OF GENERAL COUNSEL
                      6401 Security Boulevard
                      Baltimore, Maryland 21235
                        BY:  VERNON NORWOOD, ESQ.




                    *Lisa M. Mazzei, RPR*
            *Official United States Court Reporter*
                      *10 Broad Street*
                    *Utica, New York  13501*
                      *(315) 266-1176*

2

1              (The following is an excerpt of a

2              teleconference hearing held on 8/22/2024.)

3         THE COURT:  Okay.  All right.  Well, let me begin

4  my analysis, reasoning and decision as follows:

5         In this case, the Plaintiff has commenced this

6  proceeding pursuant to Title 42 United States Code Section

7  405(g) to challenge the adverse determination by the

8  Commissioner of Social Security finding that she was not

9  disabled at the relevant times and therefore ineligible for

10  the benefits that she sought.

11         By way of background, the Court notes as follows:

12  Plaintiff was born in 1978.  She is currently approximately

13  46 years of age.  She was approximately 42 years old on the

14  date of her application for benefits.

15         Plaintiff stands approximately 5 feet 4 inches in

16  height and weighs approximately 190 pounds.  Plaintiff is a

17  high school graduate who attended regular education classes.

18  Her employment history includes work as an assembly line

19  machine operator.

20         At the time of her administrative hearing on

21  December 7, 2021, Plaintiff lived with her two sons, ages

22  approximately 15 and 12 years of age.

23         Procedurally, in this case, the Court states as

24  follows:

25         Plaintiff applied for Title II and Title XVI

1    benefits on October 15th of 2020, alleging an onset date of

2    July 24th of 2018.

3              In support of her applications for benefits,

4    Plaintiff claims disability based on a number of physical and

5    mental health impairments, including fibromyalgia,

6    degenerative disc disease, arthritis, depression, and

7    anxiety.

8              Administrative Law Judge Robyn L. Hoffman conducted

9    a hearing on December 2nd of 2021, to address Plaintiff's

10   applications for benefits and held a supplemental hearing on

11   June 3, 2022, to hear vocational expert testimony.

12             ALJ Hoffman issued an unfavorable decision on

13   August 3rd of 2022.  That decision became the final

14   determination of the agency on May 5th of 2023, when the

15   Appeals Council denied Plaintiff's request for review.

16             This action was commenced on May 25th of 2023, and

17   it is timely.

18             In her August 3, 2022 decision at issue in this

19   case, the ALJ first determined that Plaintiff met the insured

20   status requirements of the Social Security Act through

21   September 30, 2020, and then commented the familiar five-step

22   test for determining disability.

23             At step one, the ALJ concluded that Plaintiff had

24   not engaged in substantial gainful activity since the amended

25   alleged onset date of July 27, 2018.

4

1          At step two, the ALJ concluded that Plaintiff had

2     the following severe impairments.  First, fibromyalgia.

3     Next, lumbar spinal degenerative disc disease.  Next, history

4     of carpal tunnel syndrome in the right wrist status-post

5     surgery.  Next, mild degenerative joint disease of the right

6     hip.  Next, right ear hearing loss.  Next, migraines and

7     headaches.  And lastly, persistent depressive disorder.

8          At step three, the ALJ concluded that Plaintiff did

9     not have an impairment or combination of impairments that met

10    or medically equaled the severity of any listed impairments.

11    In making this determination, the ALJ expressly considered

12    the following listings:  Listing at 1.15, dealing with

13    disorders of the skeletal spine.  Listing at 1.16, dealing

14    with lumbar spinal stenosis.  Listing at 1.18, dealing with

15    abnormality of a major joint.  Listing 11.14, dealing with

16    peripheral neuropathy.  And listing 12.04, dealing with

17    depressive bipolar and related disorders.

18          Next, the ALJ determined that Plaintiff has the

19    residual functional capacity also known as RFC to perform

20    less than the full range of light work.  Specifically the ALJ

21    found Plaintiff can occasionally lift and carry 20 pounds,

22    frequently lift and carry 10 pounds.  Sit for eight hours and

23    stand and/or walk for four hours over the course of an

24    eight-hour workday with normal breaks.  The ALJ further

25    found, first, that Plaintiff would need to change positions

1    from sit/stand as needed, but would remain at the work

2    station and on task when changing positions.

3          Second, Plaintiff can occasionally climb ramps or

4    stairs, but never climb ladders, ropes or scaffolds; and that

5    Plaintiff can perform occasional stooping, kneeling,

6    crouching and crawling.

7          Next, that Plaintiff should not work in a noise

8    environment greater than moderate and is limited to work that

9    needs little or no judgment to do simple duties that may be

10   learned on the job in a short period of time.  And next that

11   Plaintiff should perform low stress work defined as

12   occasional decision making, occasional judgment required, and

13   occasional changes in the work setting with Plaintiff working

14   at goal oriented rather than production pace rate.

15         At step four, the ALJ relied on the vocational

16   expert testimony to determine that Plaintiff is not able to

17   perform any past relevant work.

18         Again relying on the vocational expert testimony,

19   the ALJ found at step five that considering Plaintiff's age,

20   education, work experience and RFC, that there are jobs

21   existing in significant numbers in the national economy that

22   Plaintiff can perform.

23         Accordingly, the ALJ found that Plaintiff was not

24   disabled from her amended alleged onset date of July 27,

25   2018, through the date of the ALJ's decision.

6

1          Turning now to the role of the Court, I begin by

2   indicating, as you know, this Court's functional role in this

3   case is limited and extremely deferential.  I must determine

4   whether correct legal principles were applied and whether the

5   determination is supported by substantial evidence, which is

6   defined as such relevant evidence as a reasonable mind would

7   find sufficient to support a conclusion.  As the Second

8   Circuit noted in *Brault v. Social Security Administration*

9   *Commissioner*, that can be found at 683 F.3d 443, a 2012 case,

10  the standard is demanding more so than the clearly erroneous

11  standard.  The Court noted in *Brault* that once there's a

12  finding of fact, that fact can be rejected only if a

13  reasonable factfinder would have to conclude otherwise.

14          Turning now to the arguments presented by the

15  Plaintiff, Plaintiff presents and raises four primary

16  contentions in her filings.  First, Plaintiff argues that the

17  ALJ failed to properly assess the combined effects of

18  Plaintiff's physical and mental impairments.

19          Second, Plaintiff argues that the ALJ failed to

20  properly evaluate the medical opinion evidence.

21          Third, Plaintiff argues that the ALJ erroneously

22  excluded any limitations on Plaintiff's use of her upper

23  extremities and hands from the RFC determination.

24          And then fourth, Plaintiff argues that the ALJ

25  failed to properly evaluate Plaintiff's subjective

1    description of her functional limitations.

2           The Court begins its decision and reasoning for my

3    decision as follows:  So, first, this Court finds that

4    substantial evidence supports the ALJ's evaluation of the

5    medical opinion evidence addressing Plaintiff's physical and

6    mental impairments for the reasons as set forth in

7    defendant's brief and the Court adds the following analysis

8    and reasoning to its decision.

9           First to begin with, the record does not support

10   Plaintiff's contention that the ALJ failed to properly

11   consider the combined effects of her physical and mental

12   impairments.  Rather than addressing each impairment in a

13   vacuum, as depicted in Plaintiff's brief, the ALJ considered

14   the cumulative impact of all impairments on Plaintiff's

15   ability to perform full-time work.  Notably, the ALJ rejected

16   a consultative psychiatric opinion as unpersuasive because it

17   failed to recognize the impact that Plaintiff's physical pain

18   had on her depression symptoms.  Her RFC analysis also

19   addresses Plaintiff's medical and psychiatric treatment

20   history in greater detail than the narrow analysis in steps

21   two and three of the sequential evaluation.  It is evident to

22   the Court that this extensive description of all Plaintiff's

23   impairments also inform the ALJ's evaluation of the various

24   medical opinions.

25           At their most basic, the amended regulations

8

1    governing evaluation of medical opinion evidence require that

2    the ALJ explain her findings regarding the supportability and

3    consistency for each of the medical opinions pointing to

4    specific evidence in the record supporting those findings.

5    See case of *Raymond M. v Commissioner of Social Security*

6    19-CV-1313.  That is a Magistrate Judge Andrew T. Baxter

7    decision, and that can be found at 2021 WL 706645 at page 8.

8    And that's a Northern District New York February 22nd of 2021

9    decision.

10          In this case, the ALJ's decision provided

11   sufficient analysis of the persuasiveness of the medical

12   opinion evidence bolstered by that detailed recitation of the

13   longitudinal treatment record.  Although the ALJ did not

14   explicitly discuss the consistency and supportability factors

15   when evaluating each of the eight medical opinions addressed

16   in her decision, her thorough and accurate recitation of the

17   overall medical record allows this Court to glean the

18   rational for the ALJ's evaluation of the persuasiveness of

19   the various opinions.

20          For example, the ALJ's decision cited numerous

21   treatment notes and the physical consultant examination

22   report showing full or near full range of motion and strength

23   in the upper extremities and hands, despite consistent neck,

24   shoulder and back pain and diagnosed carpal tunnel syndrome.

25   Thus, the ALJ marshaled substantial evidence to find a lack

9

1   of support for PA Melinda Rosner's opinion that Plaintiff had

2   significant limitations in forward and overhead reaching and

3   other use of her upper extremities and hands.  See case of

4   *Maria S. vs. Kijakazi,* No. 21-CV-0177.  That is a magistrate

5   Judge David Peebles case that can be found at 2022 WL 4619861

6   at page 5.  And that is a Northern District New York

7   September 30, 2022 case.  In addition, as in the case of

8   *Maria S.,* Plaintiff has not identified any objective evidence

9   that would reasonably call the ALJ's conclusion into

10  question.

11          This Court finds that the ALJ applied the same

12  standard to each of the medical opinions and thus conducted

13  an adequate review for consistency and supportability with

14  each medical professional's own notes, the broader medical

15  record, and the testimonial evidence.  For example, the ALJ

16  discounted much of Dr. Sara Long's minimally restrictive

17  consultative psychiatric opinion because she did not have

18  access to Plaintiff's psychiatric treatment record.  At the

19  same time, the ALJ rejected the extreme limitations regarding

20  attention, concentration and attendance in the opinions of

21  PA Rosner and therapist Laurie Millard in light of the

22  consistently unremarkable mental status examination results

23  in the record, documented improvement in Plaintiff's mental

24  health symptoms as she progressed in treatment, and

25  Plaintiff's own description of her daily activities that

10

1      included driving, childcare and performing household chores.

2      Such daily activities, while not dispositive on their own,

3      are a relevant consideration when evaluating a Plaintiff's

4      claimed symptoms and limitations.

5              In formulating Plaintiff's RFC, the ALJ was not

6      required to accept every limitation in the various medical

7      opinions nor craft an RFC mirroring a particular opinion.

8      Here, the ALJ reasonably incorporated those portions of the

9      medical and psychiatric opinions that she deemed were best

10     supported by the longitudinal medical record and Plaintiff's

11     activities of daily life.

12             Plaintiff also contends that the ALJ failed to

13     adequately credit Plaintiff's testimony regarding her

14     functional limitations.  Recognizing that a claimant's

15     subjective description of her symptoms cannot alone establish

16     disability and that a review in court must give great

17     deference to the ALJ's assessment of hearing testimony, this

18     court finds that the ALJ marshaled substantial evidence to

19     support her conclusions in this area.  In certain instances,

20     such as the need for a sit-stand option and the exacerbation

21     of Plaintiff's mental health symptoms due to her physical

22     pain, the ALJ credited Plaintiff's subjective testimony over

23     contradictory medical opinions and incorporated additional

24     limitations into the RFC.  The ALJ discounted other portions

25     of Plaintiff's testimony such as her description of

1    significant difficulties in reaching and handling objects or

2    maintaining attention and concentration, where the ALJ found

3    a lack of support in the broader record.

4         In large measure Plaintiff's challenges to the

5    ALJ's evaluation of the medical opinion and testimonial

6    evidence and the resulting RFC determination are premised on

7    a disagreement over how the ALJ resolved arguably conflicting

8    evidence about Plaintiff's functional limitations.  It is not

9    sufficient that reasonable parties could interpret the

10   evidence differently, and it is not the function of this

11   reviewing court to reweigh the evidence.  Therefore this

12   court finds no justification for remand for further

13   consideration by the ALJ.

14        Based upon all of this and as a result of this

15   analysis, I find and conclude Plaintiff's motion for judgment

16   on the pleadings is denied.  Defendant's motion for judgment

17   on the pleadings is granted.  Plaintiff's complaint is

18   dismissed, and the Commissioner's decision denying Plaintiff

19   benefits is hereby affirmed.

20        This constitutes the decision, analysis and

21   reasoning of the Court.  As I indicated, I will have

22   transcribed my decision that I just rendered.  I will then

23   attach it to a summary order which will be filed in the

24   docket in the near future.

25        All right.  I believe that will conclude our

12

1    proceeding for today.  I hope everybody has a good rest of

2    the day.

3             Mr. Hasseler and Mr. Norwood, have a good day and

4    enjoy of the rest of the short summer that's left.  And I'm

5    sure we'll see each other somewhere down the road again.

6             MR. NORWOOD:  Thank you, your Honor.

7             MR. HASSELER:  Thank you, your Honor.

8                  (Court adjourned, 1:27 p.m.)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                  CERTIFICATE OF OFFICIAL REPORTER

2

3     I, LISA M. MAZZEI, RPR, Official U.S. Court

4     Reporter, in and for the United States District

5     Court for the Northern District of New York, DO

6     HEREBY CERTIFY that pursuant to Section 753, Title

7     28, United States Code, that the foregoing is a true

8     and correct transcript of the stenographically

9     reported proceedings held in the above-entitled

10    matter and that the transcript page format is in

11    conformance with the regulations of the Judicial

12    Conference of the United States.

13

14                        Dated this 29th day of August, 2024.

15

16

17                        /S/ LISA M. MAZZEI

18                        LISA M. MAZZEI, RPR
                          Official U.S. Court Reporter
19

20

21

22

23

24

25